ORIGINAL

SEALED
BY ORDER OF THE COURT

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 1 6 2025

at 12 o'clock and 30 min. P M
Lucy H. Carrillo, Clerk

CLARE E. CONNORS #7936
United States Attorney
District of Hawaii

MICHAEL F. ALBANESE #9421
Assistant U.S. Attorney
Room 6-100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
Email: michael.albanese@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. NO. CR25-00006 JMS |
| Plaintiff, | INDICTMENT |
| vs. | [18 U.S.C. §§ 242 and 1519] |
| CARLOS FRATE, | |
| Defendant. | |

INDICTMENT

The Grand Jury charges:

Count 1
Deprivation of Civil Rights Under Color of Law
(18 U.S.C. § 242)

On or about January 6, 2024, within the District of Hawaii, CARLOS FRATE, the defendant, while acting under color of law as an officer of the Maui Police Department, willfully deprived M.P. of the right, secured and protected by the Constitution and laws of the United States, to be free from an unreasonable seizure, which includes the right to be free from the use of unreasonable force by a law enforcement officer. Specifically, the defendant tased M.P. without legal justification. The offense involved the use of a dangerous weapon and resulted in bodily injury to M.P.

All in violation of Title 18, United States Code, Section 242.

Count 2
False Report
(18 U.S.C. § 1519)

On or about January 6, 2024, within the District of Hawaii, CARLOS FRATE, the defendant, acting in relation to and in contemplation of a matter within the jurisdiction of the Federal Bureau of Investigation, an agency of the United States, knowingly falsified and made a false entry in a record and document, with the intent to impede, obstruct, and influence the investigation and proper administration of that matter. Specifically, FRATE wrote a narrative report

as part his Maui Police Department Incident/Investigation Report. The narrative that FRATE wrote was false in that it: (1) stated that as FRATE exited his police car, M.P. took a "fighting stance as [he] clenched his fists next to his body"; (2) stated that FRATE "ordered [M.P.] to get on the ground" before first tasing M.P.; (3) stated that M.P. "continued standing in a fighting stance," after which, FRATE "then drew [his] Taser7 and deployed a set."; and (4) omitted that M.P. had complied with FRATE's direction to get on the ground before FRATE tased him again. The narrative that FRATE wrote was false because, as FRATE then well knew: (1) M.P.'s hands were open and M.P. was not in a fighting stance when FRATE initially approached M.P.; (2) FRATE drew his taser and fired without having first ordered M.P. "to get on the ground"; (3) FRATE deployed his taser without M.P. having taken a "fighting stance"; and (4) FRATE deployed his taser a second time after M.P. had already cooperated, gotten on the ground, and raised his hands in surrender.

//
//
//
//
//
//

All in violation of Title 18, United States Code, Section 1519.

DATED: _____January 16_____, ~~2024~~ 2025, at Honolulu, Hawaii.

A TRUE BILL

/s/ Foreperson

_____
FOREPERSON, GRAND JURY

_____
CLARE E. CONNORS
United States Attorney
District of Hawaii

_____
MICHAEL F. ALBANESE
Assistant U.S. Attorney

United States v. Carlos Frate
Indictment
Cr. No.   CR 25 - 00006 JMS

4